THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CATHERINE MATHENY and<br>TAMI PULOS,<br><br>      Plaintiffs,<br><br>      v.<br><br>LAWRENCE BELL,<br><br>      Defendant. | : CIVIL ACTION NO. 3:20-CV-2065<br>: (JUDGE MARIANI) |

## MEMORANDUM OPINION

### I. INTRODUCTION

Plaintiffs have each filed an Application to Proceed in District Court without Prepaying Fees or Costs in the above-captioned matter. (Docs. 2, 3). In Count One of their Complaint, filed by privately retained counsel on November 9, 2020, Plaintiffs assert claims for violation of the Fair Housing Act, 42 U.S.C. §§ 3604(a) and (b), and 3617. (Doc. 1 ¶¶ 59, 60, 62, 63.) In Count Two Plaintiffs assert a Breach of Contract Claim (Count Two) and, in Count Three, they assert a Fraud claim. (*Id.* ¶¶ 64-72.)

### II. Legal Standard

Whether to grant or deny a request to proceed *in forma pauperis* lies within the sound discretion of the trial court. *See Jones v. Zimmerman*, 752 F.2d 76, 78 (3d Cir. 1985). "[I]n order for a court to grant *in forma pauperis* status, the litigant seeking such status must establish that he is unable to pay the costs of his suit." *Walker v. People Express Airlines, Inc.*, 886 F.2d 598, 601 (3d Cir. 1989).

1

An application to proceed *in forma pauperis* is governed by 28 U.S.C. § 1915. This section provides, in pertinent part:

> (a)(1) Subject to subsection (b), any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress.
>
> . . . .
>
> (e)(2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that (A) the allegation of poverty is untrue; or (B) the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(a)(1), (e)(2). Although § 1915(a)(1) references prisoners, the Third Circuit Court of Appeals has noted that this "appears to be a mistake." *Douris v. Middletown Township*, 293 F. App'x 130, 132 n.1 (3d Cir. 2008). Rather than being limited to prisoner plaintiffs, *Douris* stated that "[i]n forma pauperis status is afforded to all indigent persons, not just prisoners." *Id.*

> The *in forma pauperis* statute, 28 U.S.C. § 1915, "is designed to ensure that indigent litigants have meaningful access to the federal courts." *Neitzke v. Williams,* 490 U.S. 319, 324, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989). Specifically, Congress enacted the statute to ensure that administrative court costs and filing fees, both of which must be paid by everyone else who files a lawsuit, would not prevent indigent persons from pursuing meaningful litigation. *Deutsch,* 67 F.3d at 1084. Toward this end, § 1915(a) allows a litigant to commence a civil or criminal action in federal court in *forma pauperis* by filing in good faith an affidavit stating, among other things, that he is unable to pay the costs of the lawsuit. *Neitzke,* 490 U.S. at 324, 109 S.Ct. 1827.

2

> Congress recognized, however, that a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits. *Neitzke,* 490 U.S. at 324, 109 S.Ct. 1827; *Deutsch,* 67 F.3d at 1084. To prevent such abusive litigation, § 1915(e) (formerly § 1915(d)) authorizes federal courts to dismiss an *in forma pauperis* complaint if satisfied that the action is frivolous or malicious. *Id.*
>
> Like the other courts of appeals, we have established procedures by which § 1915 is to operate. *Deutsch,* 67 F.3d at 1084. In this Circuit, leave to proceed *in forma pauperis* is based on a showing of indigence. *Id.* at 1084 n. 5 (citing *Roman v. Jeffes,* 904 F.2d 192, 194 n. 1 (3d Cir.1990)). The court reviews the litigant's financial statement, and, if convinced that he or she is unable to pay the court costs and filing fees, the court will grant leave to proceed *in forma pauperis. Id. See also Sinwell v. Shapp,* 536 F.2d 15, 19 (3d Cir.1976) (holding that the district court abused its discretion in denying *in forma pauperis* status based on a finding of improper venue, rather than on economic status). In cases where leave is granted, the court thereafter considers the separate question whether the complaint should be dismissed as frivolous or malicious under § 1915(e). *Deutsch,* 67 F.3d at 1084 n. 5; *Sinwell,* 536 F.2d at 19.

*Douris v. Middletown Twp.*, 293 F. App'x 130, 131–32 (3d Cir. 2008).

To effectuate § 1915, the Third Circuit Court of Appeals has established a two-step process for reviewing *in forma pauperis* applications. *See Deutsch v. United States*, 67 F.3d 1080, 1084 n.5 (3d Cir. 1995). First, leave to proceed *in forma pauperis* is based on a showing that the litigant is unable to pay court costs and filing fees. *See Douris v. Middletown Twp.*, 293 F. App'x 130, 132 (3d Cir. 2008). Second, if *in forma pauperis* status is granted, the Court determines whether the Complaint should be dismissed pursuant to § 1915(e)(2)(B). *See id.*

3

Courts have questioned the merits of a plaintiff's IFP application where the plaintiff is represented by counsel, such as "in civil rights cases where there are usually statutes that award fees and costs to plaintiffs if they prevail." *Thomas v. Douglas*, Civ. A. No. 14-8013, 2015 WL 13763647, at * 1 (C.D. Cal. Feb. 2, 2015); *see also Fridman v. City of New York*, 195 F. Supp. 2d 534, 538 (S.D.N.Y. 2002).

### III. ANALYSIS

Here Plaintiffs are represented by counsel and their Complaint includes claims under the Fair Housing Act which states in relevant part that "the court, in its discretion, may allow a prevailing party . . . a reasonable attorney's fee and costs." 42 U.S.C. § 3613(c)(2). Such an award may include filing fees. *See, e.g., Saunders v. The Salvation Army*, Civ. A. No. 06 Civ. 2890, 2007 WL 927529, at *3 n.35 (S.D.N.Y. Mar. 27, 2007). Because Plaintiffs' counsel would be awarded fees and costs if Plaintiffs prevail, the Court required Plaintiffs' counsel to submit a brief in support of the applications to proceed IFP. (Doc. 5.) Plaintiffs' counsel was directed to indicate how Plaintiffs would be denied meaningful access to the federal courts or be prevented from pursuing meaningful litigation, *Neitzke,* 490 U.S. at 324; *Deutsch,* 67 F.3d at 1084, if their applications are denied.

In his brief filed on November 19, 2020, Plaintiffs' counsel states that he accepted the case "because of the egregiousness of defendant's actions" and, although fee shifting is a possibility, "neither prevailing nor collectability of a judgment is guaranteed" due to the speculative nature of a statutory award of fees and costs with a Fair Housing Act claim.

4

(Doc. 6 at 1, 3.) He further states "[s]hould this Court deny Plaintiffs' pending IFP petitions, future attorneys will be disincentivized from taking cases such as this, where plaintiffs, despite having suffered a legitimate violation of their rights, are poor." (Doc. 6 at 3.)

Plaintiffs' counsel quotes *Tucker v. Leavitt*, 246 F. App'x 794 (3rd Cir.2 007) (not precedential) in support of his position: "'IFP determinations are to be made solely on the basis of indigence, without regard to the potential merit of the complaint.'" (Doc. 6 at 3 (quoting *Tucker*, 246 F. App'x at 795).) Although Plaintiffs' counsel is correct that *Tucker* held that the "trial court abused its discretion in denying IFP petition where plaintiff was unemployed with no other sources of income, no cash, no bank accounts, no real estate, and no other items of value" (*id.* at 3-4), he fails to note that Ms. Tucker was proceeding *pro se*, 246 F. App'x at 794. This distinction is significant here where Plaintiffs are represented by counsel. Logically, part of the calculus as to whether a plaintiff is unable to pay costs and filing fees is whether the plaintiff is represented by counsel who is able to recoup those costs.

As to the purpose of the statute, i.e., "to ensure that administrative court costs and filing fees . . . would not prevent indigent persons from pursuing meaningful litigation," *Deutsch,* 67 F.3d at 1084, in the case of a fee shifting statute, the Court is not improperly considering "the potential merit of the complaint," *Tucker*, 246 F. App'x at 795, beyond the Federal Rules of Civil Procedure's basic requirements as to what a pleading represents to the court in which it is filed. Rule 11 provides as follows in pertinent part:

5

> By presenting to the court a pleading, written motion, or other paper--whether by signing, filing, submitting, or later advocating it--an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
> **(1)** it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>
> **(2)** the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
>
> **(3)** the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
>
> **(4)** the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Fed. R. Civ. P. 11(b).

Taken together, the Court concludes that an attorney presented with a client whose potential fee shifting statute claim satisfies the Rule 11(b) standard should not "be disincentivized from taking cases such as this, where plaintiffs, despite having suffered a legitimate violation of their rights, are poor" (Doc. 6 at 3). In other words, an indigent person will not be prevented from pursuing meaningful litigation where an attorney believes that the individual's claims have merit. Because this is such a case, Plaintiffs' applications to proceed IFP are properly denied.

## IV. CONCLUSION

For the reasons discussed above, the Court will deny Plaintiff Catharine Matheny's Application to Proceed in District Court without Prepaying Fees or Costs (Doc. 2) and Plaintiff Tami Pulos's Application to Proceed in District Court without Prepaying Fees or Costs (Doc. 3). A separate Order is filed simultaneously with this Memorandum Opinion.

Robert D. Mariani
United States District Judge